IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TIJUANA L. WARD,                 :

     Petitioner,           :

v.                        :
                               CIVIL ACTION 09-0195-CG-M

CYNTHIA WHITE,               :

     Respondent.          :

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that the habeas petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent Cynthia White and against Petitioner Tijuana L. Ward.

Petitioner was convicted of second degree assault in the Circuit Court of Dallas County on October 16, 2008 for which she received a sentence of fifteen years in the state penitentiary; however, the sentence was split with Ward to serve three years, followed by five years of probation (Doc. 22, p. 2; Doc. 24, p. 3).  Ward did not appeal the conviction or sentence (Doc. 22, p. 3).

Petitioner filed a complaint with the U.S. District Court for the Middle District of Alabama on February 20, 2009 (*see* Doc. 1, p. 26).  That Court transferred the action to this Court (Doc. 1, pp. 26-29).  Ward then completed a new complaint, on this Court's form, which raised the following claims:  (1) "The DA or my lawyer told the judge that Tussie Huston was on probation for Assault II and she said that I assault [sic] her, but we was in a club that's against our probation rules;" (2) "I would like to get amend [sic] sentence b/c I was told by my lawyer that I would only do 12 months 3 years;" (3) "They gave me credit for 282 days but I had more than that!  And if I'm on a slip [sic] sentence, why I can't get goodtime b/c it's not over 15 years, I still suppose to get time as well.  I would like the time I did on probation as well;" and (4) "And my restitution is $7,386, they wouldn't give Community Corrections so I could pay my on my fines until I've paid them off. . . . I got my timesheet and it said something different, but I'm asking this court to amend my sentence or give me my jail credit of 1 yr 9 months and 4 days. Also my time that I have done on probation" (Doc. 22).[1]

The Court notes initially that Ward has not asserted any Constitutional grounds for bringing this action (*see* Doc. 22). The failure to raise a Constitutional claim fails to satisfy the

---

[1]The Court has had a difficult time interpreting exactly what Ward is asserting in her claims, so they have been set out herein exactly as worded in the Complaint.  The Court has also discussed, in this Report, varying interpretations of what may be asserted.

requirements of the habeas statute.  28 U.S.C. § 2254(a) ("a district court shall entertain an application for a writ of habeas corpus . . . only on the ground that [s]he is in custody in violation of the Constitution or laws or treaties of the United States").  The Court finds that none of these four claims are cognizable in a § 2254 proceeding.  For that reason, this action should be denied.

Respondent has also asserted that these claims, to the extent that they are cognizable under State law, have not been exhausted in the State Courts (Doc. 24, pp. 7-9).  Petitioner's complaint would seem to confirm that assertion (*see* Doc. 22, pp. 7-9).[2]  The U.S. Supreme Court held, in *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999), that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  This petition should be denied under *O'Sullivan* as Petitioner has apparently failed to give the State

---

[2]Ward indicates, in the Complaint, that she filed a State Habeas Corpus on the first, second, and fourth claims while having filed an *error coram nobis* petition on the third claim (Doc. 22, pp. 7-9).  By way of explanation, Petitioner stated that she "tryed to get in touch with my judge but he didn't write me back, and I tryed to get my family to call" (Doc. 22, p. 7).  Petitioner has not provided any other evidence of an attempt to resolve the claims raised in this action in the State Courts however.
Respondent has provided a document which shows that Ward filed a "Motion to Amend her Sentence/Get Jail Credit for Parole Time" on July 8, 2009, the day after she filed her Amended § 2254 petition in this Court (Doc. 24, Exhibit A, p. 4).  This document indicates that Petitioner has not filed a State habeas petition or an *error coram nobis* petition.

Courts the opportunity to address her claims.

The Court also notes that Respondent has asserted that, to the extent any of Petitioner's claims raise an ineffective assistance of counsel claim, it is procedurally defaulted as no appeal was filed and no subsequent State Rule 32 petition was filed (Doc. 24, pp. 9-10).  Noting that a year has not yet passed since Ward was sentenced on October 16, 2008, the Court is doubtful that such a claim is procedurally defaulted.  *See* Ala.R.Crim.P. 32.2(c).[3]  The claim would, however, be unexhausted.

The Court further notes that Respondent has asserted that, to the extent that Ward's second claim ("I would like to get amend [sic] sentence b/c I was told by my lawyer that I would only do 12 months 3 years") challenges her sentence, it is procedurally defaulted as the claim should have been raised on direct appeal (Doc. 24, pp. 9-10).  Alabama rules allow forty-two days for the filing of an appeal;[4] as Petitioner was sentenced on

---

[3]"Subject to the further provisions hereinafter set out in this section, the court shall not entertain any petition for relief from a conviction or sentence on the grounds specified in Rule 32.1(a) and (f), unless the petition is filed:  (1) In the case of a conviction appealed to the Court of Criminal Appeals, within one (1) year after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, Ala.R.App.P.; or (2) in the case of a conviction not appealed to the Court of Criminal Appeals, within one (1) year after the time for filing an appeal lapses."

[4]"In a criminal case a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (six weeks) after pronouncement of the sentence, provided that the notice of appeal may be oral, as provided in Rule 3(a)(2)."  Ala.R.App.P. 4(b)(1).

October 16, 2008, that time has long since run.  If Ward's second claim is construed to challenge her sentence, it is procedurally defaulted.

However, where the state courts have found claims of a petitioner to be procedurally defaulted and those courts have refused to address the merits of those claims, all chance of federal review is not precluded.  The Eleventh Circuit Court of Appeals, in addressing the review of these claims, has stated the following:

> Under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and its progeny, noncompliance with a state procedural rule generally precludes federal habeas corpus review of all claims as to which noncompliance with the procedural rule is an adequate ground under state law to deny review.  If a petitioner can demonstrate both cause for his noncompliance and actual prejudice resulting therefrom, however, a federal court can review his claims.

*Booker v. Wainwright*, 764 F.2d 1371, 1376 (11th Cir.) (citations omitted), *cert. denied*, 474 U.S. 975 (1985).  A claimant can also avoid the procedural default bar if it can be shown that a failure to consider the claims will result in a fundamental miscarriage of justice.  *Engle v. Isaac*, 456 U.S. 107, 135 (1982); *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986).

In this action, Petitioner has demonstrated neither cause nor prejudice for failing to raise this claim—if indeed it is a claim—in a timely manner in the State courts.  Furthermore, Ward

has not shown that this Court's failure to discuss the merit of this claim will result in a fundamental miscarriage of justice being visited upon her. Therefore, the Court considers the second claim, as construed to be one which is challenging her sentence, in this Court to be procedurally defaulted and the Court will not address its merit.

Ward has raised four different claims in bringing this action. The Court first found that none of those claims are appropriately brought in a § 2254 action. Likewise, none of these claims have been properly brought in the State Courts for consideration. Finally, to the extent that Petitioner's second claim can be construed to challenge her sentence, it is procedurally defaulted. Therefore, it is recommended that this petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent Cynthia S. Wheeler-White and against Petitioner Tijuana L. Ward.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 23rd day of September, 2009.


s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE